# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR GARCIA; and ROSEANN MORRISON, individually and as co-administrators of the Estate of Sahmya Garcia, Deceased,<br><br>      Plaintiffs,<br><br>v.<br><br>POLYMER80, INC.; MARCUS BURNEY, Inmate No. QP8724; JOHN DOE(S) FIREARM SELLER(S), FIREARM OWNER(S), FIREARM DISTRIBUTOR(S), and FIREARM MANUFACTURER(S),<br><br>      Defendants. | **Civil Action No. 2:24-cv-01949**<br><br>State Case No.: 230802980<br>(Aug. Term 2023)<br><br><br><br><br><br><br><br>**NOTICE OF REMOVAL** |

Defendant Polymer80, Inc. ("Polymer80"), by and through undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 providing grounds of removing this matter to the United States District Court for the Eastern District of Pennsylvania, together with a copy of all process, pleadings, and orders served upon Polymer80 in the state court case. In support of removal, Polymer80 states the following:[1]

---

[1] Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Polymer80's rights to assert any defense, including, but not limited to those defenses available under Federal Rule of Civil Procedure 12.

1. On August 29, 2023, Plaintiffs filed a Praecipe to Issue Writ of Summons against Defendants Polymer80 and Marcus Burney PP# 816759 ("Burney")[2] in the Court of Common Pleas for Philadelphia County.

2. On October 11, 2023, Defendant Polymer80 filed a Notice of Removal with this Court, even though a complaint had not yet been filed.

3. Shortly thereafter, on October 24, 2023, Plaintiffs moved to remand the case to Court of Common Pleas for Philadelphia County.

4. Plaintiffs argued, *inter alia*, that Polymer80's removal was "*per se* improper" because they had yet to file a complaint in this matter, and that the "forum-defendant" rule barred removal since Defendant Burney was a citizen of Pennsylvania. *See* ECF No. 5, at ¶¶ 2, 5-7 (E.D.Pa. 2:23-cv-03935)

5. In an order dated November 13, 2023, this Court granted Plaintiffs' Motion to Remand. *See* ECF No. 10, at ¶ 2 (E.D.Pa. 2:23-cv-03935).

6. At that time—that is, before the Complaint was filed—this Court concluded that Defendant Polymer80 had failed to demonstrate that Defendant Burney had been fraudulently joined. *See* ECF No. 10, at ¶¶ 4-7 (E.D.Pa. 2:23-cv-03935).

7. The matter in the Court of Common Pleas has been assigned for the August Term 2023, docket number 2308060407 ("State Court Matter").

---

[2] Defendant Burney's inmate number is listed on the Complaint as QP8724.

8. On remand in the State Court Matter, Plaintiffs filed a Complaint on April 10, 2024, articulating claims of action against Defendants Polymer80 and Burney. Pursuant to 28 U.S.C. § 1446(a), a copy of the (i) Complaint filed on April 10, 2024, and a copy of the (ii) the original Writ of Summons, together with the other papers attached thereto and served upon Polymer80 are attached as Exhibit A. No other documents have been served on Polymer80.

9. Neither the Writ of Summons nor the Complaint has been properly served on Defendant Burney.

10. The Affidavit of Service for Burney indicates that Plaintiffs served "Lt. L. Hill" at 7901 State Road, Philadelphia, PA on August 29, 2023 at 3:28 p.m. A true and correct copy of Plaintiffs' affidavit of service, filed in the Court of Common Pleas, is attached as Exhibit B.

11. This Affidavit incorrectly identifies "Lt. L. Hill" as "an adult member of the family / adult person in charge of Defendant's / Appellee's residence[.]" Ex. B.

12. Neither the Affidavit of Service, nor any other document, indicates (1) whether "Lt. L. Hill" works at the prison where Defendant Burney was incarcerated at the time, or (2) whether "Lt. L. Hill" has the authority to accept service on behalf of Defendant Burney. Ex. B.

13. In fact, Polymer80 has subsequently learned that Defendant Burney was not incarcerated at the Curran-Fromhold Correctional Facility located at 7901 State Road on August 23, 2023 – the location Plaintiffs served; rather, at that time, Defendant

Burney had been transferred to the State Correctional Institution in Camp Hill, Pennsylvania.

14. Accordingly, Plaintiffs failed to properly serve Defendant Burney with the Writ of Summons; and no evidence exists that Plaintiffs properly served Defendant Burney with the Complaint before Polymer80 filed the instant Notice of Removal.

15. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §§ 121(1) and 1441(a).

16. This case is removable to federal court because it involves a controversy between citizens of different states and because, based upon allegations in the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441, 1446.

17. Plaintiffs Hector Garcia and Roseann Morrison are citizens of New Jersey. Ex. A.

18. Polymer80 is incorporated in Nevada, with a principal place of business in Nevada, making it a citizen of Nevada for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

19. Defendant Marcus Burney is a citizen of Pennsylvania. Ex. A.

20. The forum defendant rule does not bar removal in this matter.

21. First, as specified above, Defendant Burney was not properly served with the Writ of Summons based on the face of the Affidavit of Service or the Complaint; and, second, the allegations in the Complaint – as well as, Plaintiffs' failure to serve

Burney properly – provide additional evidence that Plaintiffs fraudulently joined Burney in order to defeat federal diversity jurisdiction.

22. Only Count I (Assault and Battery) is exclusively brought against Defendant Burney and it is entirely duplicative with Count III (Wrongful Death) and Count IV (Survival Act), which are claims brought against all Defendants, including Defendant Polymer80. Count II is brought only against Defendant Polymer80 and John Doe defendants. *See* Ex. A.

23. Upon information and belief, Defendant Burney has little or no financial means, and – based upon their failure to service Burney properly – Plaintiffs are unlikely to vigorously pursue a monetary judgment against him. Defendant Polymer80 intends to seek limited discovery in order to demonstrate as much.

24. The only Defendant with any financial risk in this litigation is Polymer80, an out-of-state defendant with its principal place of business in Nevada.

25. Polymer80 should not be denied access to a federal forum based upon the ostensibly fraudulent joinder of a defendant, who is unlikely to defend and – for all practical considerations – shoulders no financial risk. *See Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011) (citing *Brown v. JEVIC*, 575 F.3d 322 (3d Cir.2009) ("The fraudulent joinder line of cases distills to a simple principle: a court cannot permit a plaintiff to join a straw-man defendant solely to deprive removal-eligible defendants of a federal forum to which they are otherwise entitled.")).

26. This Notice is filed with this Court within thirty (30) days of Defendant Polymer80's receipt through service or otherwise of a copy of the Complaint, which is the first pleading that sets forth a claim for relief against Defendant Polymer80 upon such action or proceeding is based, as provided by 28 U.S.C. § 1446(b). *See Sikirica*, 416 F.3d at 223.

27. Based upon the allegations in the Complaint, and pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), Polymer80 asserts that the amount in controversy exceeds $75,000.

28. Defendant Marcus Burney has given his written consent to the removal of the State Court Matter to this Court for purposes of 28 U.S.C. § 1446(b)(2), which is attached as Exhibit C.

29. Defendant Burney has consented to the removal. *See* 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.")

PLEASE TAKE FURTHER NOTICE that Defendant Polymer80, upon filing this Notice of Removal in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, has also forwarded a copy of this Notice to the Court of Common Pleas for the County of Philadelphia for filing with that court and to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(d).

WHEREFORE Defendant Polymer80, Inc., respectfully removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, Civil Division, this this Court where it shall proceed as an action originally commenced herein.

                                          Respectfully submitted,

                                          GOLDSTEIN LAW PARTNERS, LLC

Dated: May 8, 2024           /*s/ Shawn M. Rodgers*
                                          Jonathan Goldstein (Atty. No. 201627)
                                          Shawn Rodgers (Atty. No. 307598)
                                          David R. Osborne (Atty. No. 318024)
                                          200 School Alley, Suite 5
                                          Green Lane, PA 18054
                                          Telephone: 610-949-0444
                                          Facsimile: 215-257-1910
                                          Email: jgoldstein@goldsteinlp.com
                                          Email: srodgers@goldsteinlp.com
                                          Email: dosborne@goldsteinlp.com

                                          *Attorneys for Defendant Polymer80, Inc.*