# EXHIBIT A

**VICTIMS' RECOVERY LAW CENTER**
BY:   DAVID P. THIRUSELVAM, ESQUIRE
        KEITH WEST, ESQUIRE
Attorney ID Nos. 61815/317426
The North American Building
121 South Broad Street, 18th Floor
Philadelphia, PA 19107
(215) 546-1433 - Telephone
david@victimrecoverylaw.com
keith@victimrecoverylaw.com



Filed and Attested by the
Office of Judicial Records
10 APR 2024 03:51 pm
T. LOWELL

*Attorneys for the Plaintiffs*

---

| | | |
|---|---|---|
| HECTOR GARCIA, Individually and as | : | COURT OF COMMON PLEAS |
| Co-Administrator of the Estate of | : | FIRST JUDICIAL DISTRICT |
| SAHMYA HEAVEN GARCIA, Deceased | : | OF PENNSYLVANIA |
| 1719 Kossuth Street | : | |
| Camden, NJ 08104 | : | **MAJOR JURY TRIAL DEMANDED** |
| *and* | : | |
| ROSEANN MORRISON, Individually and | : | Civil Action No. 230802980 |
| As Co-Administrator of the Estate of | : | |
| SAHMYA HEAVEN GARCIA, Deceased | : | |
| 206 W. Buck Street | : | |
| Paulsboro, NJ 08104 | : | |
| v. | : | |
| POLYMER80 INC. | : | |
| 134 Lakes Boulevard | : | |
| Dayton, NV 89403 | : | |

**[Continued on Next Page]**

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* Philadelphia Bar Association Lawyer Referral and Information Service One Reading Center Philadelphia, Pennsylvania 19107 (215) 238-6333 TTY (215) 451-6197 | Le han demandado en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* Asociacion De Licenciados De Filadelfia ServicioDe Referencia E Informacion, Filadelfia, Pennsylvania 19107 (215) 238-6333 TTY (215) 451-6197 |

1

Case ID: 230802980

|  |  |
|---|---|
| *and* | : |
| MARCUS BURNEY, Inmate No. QP8724 | : |
| SCI FOREST | : |
| 286 Woodland Drive | : |
| Marienville, PA 16239 | : |
| *and* | : |
| JOHN DOE(S) FIREARM SELLER(S), | : |
| FIREARM OWNER(S), FIREARM | : |
| DISTRUBUTOR(S), and FIREARM | : |
| MANUFACTURER(S) | : |

## PLAINTIFFS' COMPLAINT

WHEREFORE, Plaintiffs, Hector Garcia and Roseann Morrison, as Co-Administrators of the Estate of Sahmya Heaven Garcia, their late daughter, make the following allegations on information and belief:

### Parties

1.      Plaintiff, Hector Garcia, is the father of Sahmya Heaven Garcia and currently resides at the above-captioned address.

2.      Plaintiff, Roseann Morrison, is the mother of Sahmya Heaven Garcia and currently resides at the above-captioned address.

3.      On July 25, 2023, the Philadelphia Register of Wills appointed Hector Garcia and Roseann Morrison (collectively, "Plaintiffs") as the Co-Administrators of the Estate of Sahmya Heaven Garcia, as shown by the Letters of Administration attached hereto at Exhibit "A."

4.      Sahmya Heaven Garcia ("Plaintiffs' Decedent") was born on February 7, 2002, and died at only 20 years old on November 8, 2022, due to multiple gunshot wounds.

Case ID: 230802980

5.      Plaintiffs' Decedent's residence at the time of her death was 1726 Moore Street, Philadelphia, PA 19145, and the location of her violent death was at or near the intersection of South Broad and Ellsworth Streets in the City of Philadelphia.

6.      Plaintiffs' Decedent's death on November 8, 2022, was the result of the Defendants' negligent, careless, reckless, wrongful, and outrageous actions.

7.      Defendant, Polymer80 Inc. ("Defendant Polymer80"), has a principal place of business and headquarters located at the above-captioned address and is a corporation, business name, or other jural entity that has at all times relevant hereto regularly conducted business in Philadelphia County, Pennsylvania.  Defendant Polymer80 regularly, intentionally, and systematically advertises, distributes, and sells its products into the City of Philadelphia.

8.      Defendant, John Doe Firearm Seller(s), is/are any person or entity involved in selling the firearm used in the murder of Plaintiffs' Decedent, whose name is currently unknown to Plaintiffs despite a reasonable investigation.

9.      Defendant, John Doe Firearm Owner(s), is/are any person or entity involved in owning or possessing the firearm used in the murder of Plaintiffs' Decedent, whose name is currently unknown to Plaintiffs despite a reasonable investigation.

10.      Defendant, John Doe Firearm Distributor(s), is/are any person or entity involved in distribution or commerce of the firearm used in the murder of Plaintiffs' Decedent, whose name is currently unknown to Plaintiffs despite a reasonable investigation.

Case ID: 230802980

11.     Defendant, Marcus Burney ("Defendant Burney"), Inmate No. QP8724, is a prison inmate who is currently incarcerated at SCI FOREST, 286 Woodland Drive, Marienville, PA 16239.

12.     Prior to being incarcerated, and at the time of the incident giving rise to this case, Defendant Burney was a resident of Philadelphia County.

**Material Facts**

13.     On November 8, 2022 ("the incident date"), Defendant Burney, killed Plaintiffs' Decedent using an unserialized 9mm "ghost gun" handgun that was illegally manufactured, advertised, distributed, and sold by Defendant Polymer80 and the John Doe Defendants ("the subject Polymer80").

14.      Pursuant to a negotiated guilty plea, on August 28, 2023, Defendant Burney pleaded guilty to the following crimes related to the murder of Plaintiffs' Decedent:

- Third Degree Murder, 18 Pa.C.S. § 2502(c);

- Prohibited Possession of a Firearm, 18 Pa.C.S. § 6105(a)(1);

- Carrying Firearms Without a License, 18 Pa.C.S. § 6106(a)(1);

- Possession of Instrument of Crime with Intent, 18 Pa.C.S. § 907(a), and

- Recklessly Endangering Another Person, 18 Pa.C.S. § 2705

15.     Prior to the incident date, there were numerous reasons why it was not legal under Pennsylvania law for any person to sell, furnish, or provide Defendant Burney with a firearm, such as the subject Polymer80.

Case ID: 230802980

16.    Prior to the incident date, Defendant Burney had a long criminal history, which included crimes of violence against women and drug offenses, and Plaintiffs' Decedent had obtained a Protection from Abuse Order against him.

17.    Pursuant to the Pennsylvania Uniform Firearms Act ("the PUFA"), it is illegal to sell, furnish, or provide Defendant Burney with a firearm, such as the subject Polymer80.

18.    For several weeks before the murder, Defendant Burney, then 40 years old, stalked and terrorized Plaintiffs' Decedent, who was 20 years old, for which reason Plaintiffs' Decedent had obtained a Protection from Abuse Order against Defendant Burney from the Philadelphia Court of Common Pleas.

19.    Pursuant to the PUFA, 18 Pa.C.S. § 6105, it is a felony for any person who has been convicted of a felony or is subject to a Protection from Abuse Order to possess a firearm in the Commonwealth of Pennsylvania.

20.    Defendant Burney waited for Plaintiffs' Decedent to leave her house to walk to work, and a few minutes before 8:00 AM on the morning of November 8, 2022, he shot her "approximately ten or eleven" times near the intersection of South Broad and Ellsworth Streets in South Philadelphia, using the subject Polymer80.

21.    In addition to the Protection from Abuse Order obtained by Plaintiffs' Decedent, Defendant Burney had an extensive criminal history that precluded him from legally obtaining a firearm.

22.    For example, in 2007, Defendant Burney was convicted of drug and firearm offenses and sentenced to confinement of 4 to 10 years, and in 2017 he was convicted of assaulting a different woman and was sentenced to one year in prison.

Case ID: 230802980

23.     Pursuant to the PUFA, it was illegal to sell, furnish, or provide Defendant

Burney with a firearm, such as the subject Polymer80, because he was a felon and known

domestic violence offender.

24.     The firearm that Defendant Burney illegally possessed, and used in the

murder, was the subject Polmer80, which was manufactured, advertised, distributed, and

sold directly online by Defendant Polymer80, as well as numerous affiliate and associate

third-party entities, none of which follow Pennsylvania law with regards to ensuring that

firearms are not entrusted, sold, or furnished to persons deemed unfit under Pennsylvania

law, such as felons and persons with known likelihood of physically harming others (like

Defendant Burney).

25.     Defendant Polymer80's ghost guns are also sold in person in the

Commonwealth of Pennsylvania and the City of Philadelphia through Defendant

Polymer80 and its affiliate and associate third-party entities, none of which follow

Pennsylvania law with regards to ensuring that firearms are not entrusted, sold, or

furnished to persons deemed unfit under Pennsylvania law, such as unfit persons like

Defendant Burney.

26.     Plaintiffs' Decedent suffered immeasurable pain and suffering from the time

of the shooting until the time of her death.

27.     Plaintiffs' Decedent had been walking to work and was near her home in

South Philadelphia when she was suddenly gunned down by Defendant Burney.

28.     On information and belief, Defendant was emboldened to commit the

murder because the subject Polymer80 illegally lacked a serial number and his purchase

Case ID: 230802980

was illegally unregistered, which made him believe that the crime would be untraceable and that he could escape punishment.

29.     As explained in a written opinion issued by the Pennsylvania Attorney General on December 16, 2019, a copy of which is attached hereto at Exhibit "B," ghost gun kits — such as the one manufactured, advertised, and sold by the Ghost Gun Defendants that was easily converted into the subject Polymer80 — are "firearms" as that term is used by the PUFA.

30.     At all times relevant hereto, Defendant Polymer80 and John Doe(s) Firearm Sellers, Distributors, and Manufacturers (collectively, "the Ghost Gun Defendants"), manufactured, advertised, and sold firearm kits that are quickly and easily assembled into complete and fully-functional firearms, like the subject Polymer80.

31.     As such, the Ghost Gun Defendants could not legally manufacture, advertise, or sell their ghost gun kits to Pennsylvania without complying with all Pennsylvania state laws applicable to firearms, including the PUFA.

32.     The ghost guns sold by the Ghost Gun Defendants, such as the subject Polymer80, are sold in disassembled form and then quickly assembled into unserialized fully functional guns by purchasers, at home, using common household tools.

33.     The Ghost Gun Defendants' business model is to sell firearms in the "ghost gun" format so that they may sell firearms without conducting a background check, and so that they can reap the improper profits of selling firearms to persons who cannot legally acquire firearms or "ghost guns" under Pennsylvania law, including minors, the mentally ill, persons with a history of felony convictions, and known domestic violence offenders.

Case ID: 230802980

34.     In 2022 alone, the Philadelphia Police Department recovered over 575 ghost guns while conducting criminal investigations, which has been increasing yearly.

35.     The vast majority of ghost guns recovered in criminal investigations in Philadelphia are Polymer80 guns. The City of Philadelphia has claimed that 87 percent of the ghost guns recovered in Philadelphia in 2023 were Polymer80 guns.

36.     The Ghost Gun Defendants, unlike licensed firearm dealers, do not maintain records of their sales or customers in accordance with the PUFA, the Commonwealth's principal gun law.

37.     It is clear that the Ghost Gun Defendants are intentionally selling firearms, such as the subject Polymer80, to unfit persons such as minors, the mentally ill, felons, and known domestic violence offenders, which foreseeably has resulted in a tragic proliferation of gun violence in the City of Philadelphia in recent years.

38.     Despite their growing popularity, the ghost guns sold by the Ghost Gun Defendants are illegal under Pennsylvania law. The firearm sales requirements contained in the PUFA are intended to deter gun violence by requiring that guns are only sold by responsible sellers to responsible buyers. Claiming that their products are not firearms, the Ghost Gun Defendants sell firearm kits and frame blanks — products that are designed and marketed with the sole purpose of producing functional guns —to Philadelphia customers without following applicable firearm regulations. They do not conduct background checks. They do not properly record sales. They do not abide by the provisions of the PUFA.

Case ID: 230802980

39.     The Ghost Gun Defendants negligently, careless, recklessly, and outrageously flout these laws, as the unserialized firearm kits they sell are legally firearms and subject to state laws applicable to the sale and marketing of firearms.

40.     Upon information and belief, the unserialized Polymer80 firearm used in the ambush attack of Plaintiffs' Decedent, i.e., the subject Polymer80, was originally purchased as a kit in Philadelphia, Pennsylvania, either from Defendant Polymer80 directly or one of Polymer80's third party distributors, who sold it without performing a background check.

41.     The Ghost Gun Defendants sold Polymer80 ghost gun kits without serial numbers and without taking reasonable steps to ensure that purchasers are legally allowed to purchase or possess firearms, despite knowing that their deadly products are especially attractive to criminals and would likely and foreseeably end up in the hands of dangerous persons prohibited from legally owning firearms under Pennsylvania state law.

42.     The Ghost Gun Defendants sold Polymer80 ghost gun kits fully understanding that they were violating Pennsylvania law and that their firearms would end up in the streets of Philadelphia in the hands of persons prohibited by law from possessing firearms due to their known propensity for criminal violence, such as Defendant Burney, who would foreseeably use firearms such as the subject Polymer80 in the commission of violent felonies such as the murder of Plaintiffs' Decedent.

43.     The Ghost Gun Defendants have knowingly and intentionally created a public safety crisis in the City of Philadelphia by intentionally placing firearms in the hands of unfit

Case ID: 230802980

persons such as minors, the mentally ill, felons, and known domestic violence offenders, in flagrant and knowing violation of Pennsylvania law.

44.   The Ghost Gun Defendants have acted with recklessness and malice towards all Philadelphians by knowingly violating Pennsylvania gun safety laws in conscious disregard of the physical safety of the people of Philadelphia.

45.   At all times relevant hereto, the Ghost Gun Defendants have misrepresented their products as somehow legal, whereas they knew that their products could only be lawfully sold if they adhered to all conditions attaching to the sale of firearms under Pennsylvania law, which they intentionally did not do.

46.   The Ghost Gun Defendants' method of distribution and marketing — direct to purchasers with no formal background check necessary and untraceable to the authorities, and indirect through resellers without a serial number or any reasonable measures to ensure sales only to eligible purchasers — was foreseeably attractive to a person with the background of Defendant Burney, who could not have obtained a firearm from any company or person that did comply with Pennsylvania law.

47.   At all times relevant hereto, Plaintiffs' Decedent acted in a reasonable and responsible manner and neither Plaintiffs nor Plaintiffs' Decedent did or omitted anything which was in any manner casually related to causing Plaintiffs' Decedent's death.

Case ID: 230802980

**Count One – Assault and Battery**
**Plaintiffs v. Defendant Marcus Burney and John Doe(s)**

48.     Plaintiffs incorporate by reference, as though fully set forth herein, all other paragraphs contained in this Civil Action Complaint.

49.     The wrongful actions of Defendant Burney, acting as aforesaid in causing several bullets to enter Plaintiffs' Decedent's body, was tortious.

50.     Defendant Burney intentionally harmed Plaintiffs' Decedent and placed her in reasonable apprehension of her physical safety.

51.     As a result of the assault and battery committed by Defendant Burney, he is liable to Plaintiff for causing Plaintiffs' Decedent's death, as is any John Doe that aided or abetted Defendant Burney.

WHEREFORE, Plaintiffs, Hector Garcia and Roseann Morrison, as Co-Administrators of the Estate of Sahmya Heaven Garcia, demands judgment against Defendant, Marcus Burney, jointly and/or severally with the other Defendants, for a sum in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

**Count Two — Negligence**
**Plaintiffs v. the Ghost Gun Defendants**

52.     Plaintiffs incorporate by reference, as though fully set forth herein, all other paragraphs contained in this Civil Action Complaint.

53.     At all relevant times, the Ghost Gun Defendants were subject to the general duty imposed on all persons and entities to act reasonably not to expose others to reasonably foreseeable risks of injury.

Case ID: 230802980

54.     In fact, as sellers of ghost gun kits and unfinished frames and receivers, the Ghost Gun Defendants are subject to the highest duty of care because of the danger that their products can cause catastrophic and/or mortal injury and promote violent crime.

55.     The Ghost Gun Defendants had a duty to exercise reasonable care in marketing, distributing, and selling ghost gun kits and components and to refrain from engaging in any activity creating reasonably foreseeable risks of injury to others. A breach of such a duty constitutes negligence.

56.     The Ghost Gun Defendants had a duty to comply with all Pennsylvania laws pertaining to firearms in marketing, distributing, and selling ghost gun kits and components and to refrain from engaging in any activity creating reasonably foreseeable risks of injury to others. A breach of such a duty constitutes negligence *per se*.

57.     The Ghost Gun Defendants acted illegally, negligently, recklessly, with malice and oppression, outrageously, and in conscious disregard for the health and safety of others, when they sold and injected into the market the firearm kit and components that were thereafter finished and assembled into the operable firearm used to ambush and shoot Plaintiffs' Decedent.

58.     At all relevant times, the Ghost Gun Defendants' negligent, reckless, outrageous, and malicious conduct, and their conscious disregard for the health and safety of others, included:

a.      The Ghost Gun Defendants knew that under the PUFA, any individual or dealer selling a handgun is required to sell or transfer it at the place of business of a licensed dealer or county sheriff's office and that background checks prior to the purchase

12

Case ID: 230802980

of firearms and serialization of firearms were required by Pennsylvania law. The Ghost Gun

Defendants knew that background checks and serialization of firearms are effective

measures in preventing and reducing violent crimes. They knew that these were important

safety requirements. At all times, the Ghost Gun Defendants knew or should have known

that the proliferation of ghost guns was a problem in Pennsylvania, especially in

Philadelphia, and was contributing to criminal conduct in Pennsylvania and in

Philadelphia. They knew or should have known that selling unserialized ghost guns kits

without background checks would attract would-be violent criminals as purchasers. They

knew or should have known that selling unserialized ghost gun kits without background

checks would provide access to firearms to unfit persons — such a Defendant Burney, a

man with a known history of violent felonies and domestic abuse — who otherwise were

prohibited from owning or possessing firearms. They knew or should have known that

selling unserialized ghost gun kits without background checks would enable, empower,

and/or embolden criminals to commit violent crimes that they would not otherwise have

committed. They knew or should have known that continued sales of firearms without

background checks or serialization would likely cause bodily injury and/or death to

innocent people, such as Plaintiffs.

        b.     The Ghost Gun Defendants knew that under the PUFA, transfers of all

firearms by a licensed dealer are subject to an instant records check of the purchaser. The

purchaser must sign a transfer application/record of sale for the purchase of a

handgun.  The Ghost Gun Defendants knowingly, intentionally, and maliciously violated

these Pennsylvania laws so that they could earn profits by selling directly to a population

Case ID: 230802980

who were prohibited from obtaining firearms in Pennsylvania — i.e., minors, the mentally

ill, criminals, and those known to commit domestic violence — due to the heightened risk

that they would use firearms to commit violent crime.

c.      Despite their knowledge, the Ghost Gun Defendants intentionally

designed, constituted, packaged, marketed, advertised, and sold ghost gun kits to

Pennsylvania and Philadelphia. In fact, they went even further by intentionally designing,

constituting, packaging, marketing, advertising, and selling ghost gun kits in such a manner

as to make it easy for people with no special equipment or training to quickly assemble a

finished and usable firearm. The Ghost Gun Defendants intentionally designed,

constituted, packaged, marketed, advertised, and sold ghost gun kits in a manner intended

to mislead people that their products were not regulated as "firearms" under the PUFA,

thus encouraging violent crime and seeking to undermine Pennsylvania's important gun

safety laws.

d.      Despite their knowledge that their ghost gun kits were especially

attractive to minors and criminals, and that this would inevitably result in serious injury or

death to innocent people, the Ghost Gun Defendants intentionally chose not to take any

reasonable steps to verify (or require resellers to attempt to verify) that purchasers or

subsequent transferees were not legally prohibited from purchasing or possessing a

firearm, and/or unfit to safely possess a firearm.

e.      The Ghost Gun Defendants chose to overlook the highly foreseeable

and even inevitable risk that a number of those who chose to buy their ghost guns would be

minors and criminals who otherwise would not have gained access to such untraceable

Case ID: 230802980

guns, that a number of those buyers would attack innocent people using the ghost guns, and that a number of those attacks would result in serious injuries or deaths that otherwise would not have occurred. They chose to overlook this harm, and to intentionally embrace it, because they wanted to keep selling ghost guns and making money from those sales. They valued their profits over the lives of innocent people, and this conduct was outrageous, illegal, and shocking to the conscience.

59.     The Ghost Gun Defendants' negligence and wrongful conduct was a direct and proximate cause of harm to Plaintiffs, by causing and allowing Defendant Burney to gain unlawful possession of a Polymer80 ghost gun firearm, which he foreseeably used to ambush Plaintiffs' Decedent, the woman he had been stalking and who had obtained a Protection from Abuse Order against him.

60.     The knowing violations of law by the Ghost Gun Defendants were a direct and proximate cause of the injuries to Plaintiff.  The PUFA and Pennsylvania's gun safety laws in general are intended to protect public safety by preventing the sale and transfer of firearms to dangerous persons, including especially to known abusers and individuals with disqualifying criminal records, and preventing access to and use of unsafe handguns across the Commonwealth and in Philadelphia. The Ghost Gun Defendants flouted those laws for profit, and consciously disregarded the known and foreseeable risks of its business practices, and in so doing, directly and proximately caused injury to Plaintiffs' Decedent, who as a shooting victim and domestic violence victim was within the class of persons these laws were designed to protect, and suffered the type of harm the laws are designed to protect against.

Case ID: 230802980

61.     As a direct and proximate result of the negligence, recklessness, and wrongful and outrageous conduct of the Ghost Gun Defendants, acting on their own and acting by and through their agents and/or employees, acting within the scope of their agency and/or employment, Plaintiffs' Decedent suffered severe, permanent, and catastrophic injuries, leading to her death.

62.     The Ghost Gun Defendants knew or should have known that Pennsylvania's firearm laws, such as the PUFA, would reduce the rate of violent crime in Pennsylvania if properly respected, and that their conscious scheme to violate and ignore Pennsylvania's firearm laws would have the oppositive effect of increasing the prevalence of violent crime, such as domestic violence related homicide, in the Commonwealth of Pennsylvania.

63.     Due to the outrageous nature of the Ghost Gun Defendants' conduct, Plaintiffs request for the jury to award an amount of punitive damages against them that they find appropriate.

WHEREFORE, Plaintiffs, Hector Garcia and Roseann Morrison, as Co-Administrators of the Estate of Sahmya Heaven Garcia, demands judgment against Defendants, Polymer80 Inc., and John Doe(s) Firearm Sellers, Distributors, and Manufacturers, jointly and/or severally, for compensatory and punitive damages, exclusive of prejudgment interest, costs, and postjudgment interest in excess of the local arbitration limits of $50,000.00.

Case ID: 230802980

**Count Three — Wrongful Death**
**Plaintiffs v. All Defendants**

64.     Plaintiffs incorporate all other paragraphs contained in this Complaint as if set forth herein at length.

65.     The tortious conduct of the Defendants as set forth in this Complaint is incorporated herein as if set forth at length.

66.     As a direct, factual and proximate result of the tortious conduct of all of the Defendants (individually and collectively), Plaintiffs' Decedent suffered severe injuries resulting in her death.

67.     As a direct, factual and proximate result of the conduct of all of the Defendants (individually and collectively), Plaintiffs' Decedent sustained conscious physical, mental, emotional, and psychological pain and suffering between the time of her assault up to her death, including the impending fear of death.

68.     As a direct, factual and proximate result of the conduct of all of the Defendants (individually and collectively), Plaintiffs bring this Wrongful Death Action on behalf of the Plaintiffs' Decedent's Estate, under and by virtue of the Wrongful Death Act, the applicable Rules of Civil Procedure and applicable case law and demands all damages recoverable under the Wrongful Death Act.

69.     As a direct, factual and proximate result of the conduct of all of the Defendants (individually and collectively), Plaintiffs hereby claim all pecuniary losses, hospital, medical, funeral, burial and estate administration expenses.

70.     Plaintiffs claim all damages available to Plaintiffs' Decedent's intestate heirs/beneficiaries known to Plaintiff at this time, i.e., Plaintiffs' Decedent's parents,

Case ID: 230802980

Hector Garcia and Roseann Morrison, and all damages recoverable to each both individually and as Plaintiffs' Decedent's intestate heirs/beneficiaries.

71.     As a direct, factual and proximate result of the conduct of all of the Defendants (individually and collectively), Plaintiffs' Decedent's intestate heirs/beneficiaries have been deprived of Plaintiffs' Decedent's earnings, maintenance, household services, contributions, guidance, consortium, society, comfort, services, shelter, food, clothing, care, education, entertainment, gifts and recreation and hereby makes claim for such recoverable damages.

WHEREFORE, Plaintiffs demand judgment in damages against all Defendants, jointly, vicariously, severally and/or in the alternative for such damages in an amount in excess of Fifty Thousand Dollars ($50,000), exclusive of prejudgment interest, postjudgment interest, and costs.

## Count Four — Survival Act
## Plaintiffs v. All Defendants

72.     Plaintiffs incorporate all other paragraphs contained in this Complaint as if set forth herein at length.

73.     Plaintiffs bring this action pursuant to the authority granted by 42 Pa. C.S.A. § 8302, also known as the Survival Act, and claims all damages recoverable under the Act.

74.     As a direct, factual and proximate result of the conduct of all of the Defendants (individually and collectively), Plaintiffs' Decedent's Estate has been deprived of the economic value of Plaintiffs' Decedent's life expectancy and Plaintiffs hereby claim damages for these economic losses suffered by the Estate and claims Plaintiffs' Decedent's Estate's loss of earnings and earnings capacity.

Case ID: 230802980

75.     As a direct, factual and proximate result of the conduct of all of the Defendants (individually and collectively), Plaintiffs claim further damages for Plaintiffs' Decedent's physical and mental pain, suffering, inconvenience and the loss of life's pleasures that she endured prior to her death and all other recoverable damages.

WHEREFORE, Plaintiffs demand judgment in damages against all Defendants, jointly, vicariously, severally and/or in the alternative for such damages in an amount in excess of Fifty Thousand Dollars ($50,000), exclusive of prejudgment interest, postjudgment interest, and costs.

**Respectfully submitted,**

**VICTIMS' RECOVERY LAW CENTER**

**/s/     Keith West___**
      **KEITH WEST**
      *Attorneys for the Plaintiffs*

Case ID: 230802980

# EXHIBIT "A"

Case ID: 230802980

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**

PHILADELPHIA COUNTY, PA

Nº **A3459-2023**

ESTATE OF     **Sahmya Heaven Garcia**

.......................................................................

.......................................................................

.......................................................................

Social Security No. ...... **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** ............

WHEREAS,     **Sahmya Heaven Garcia** ...................................

late of   **1726 Moore Street, Philadelphia, PA 19145** ....................

.......................................................................

died on the  **8th** ............................................ day of ...... **November** ............... ,   **2022** ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, TRACEY L. GORDON, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ................................................

.......................................................................

to   **Hector Luis Garcia and Roseann A Morrison** .................................

.......................................................................

who ha **ve** duly qualified as ..................... **Administrators** ................................ of the estate

of the above named decedent and ha **ve** agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ... **25th** ... day of ... **July** ................................... **2023** ........

.......................................................
Deputy Register

10-36 (Rev. 10/99)

# EXHIBIT "B"

Case ID: 230802980



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
HARRISBURG, PA 17120

16TH FLOOR
STRAWBERRY SQUARE
HARRISBURG, PA 17120
(717) 787-3391

JOSH SHAPIRO
ATTORNEY GENERAL

December 16, 2019

Colonel Robert Evanchick
Commissioner
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA  17110

Dear Commissioner Evanchick:

You requested legal advice[1] on behalf of the Pennsylvania State Police ("PSP")
concerning the stage of manufacture at which a receiver meets the definition of "firearm"
contained in the following sections of the Uniform Firearms Act[2] ("UFA"):

- 18 Pa. C.S. § 6105(i),
- 18 Pa. C.S. § 6105.2(i),
- 18 Pa. C.S. § 6106(e)(1),
- 18 Pa. C.S. § 6107(c),
- 18 Pa. C.S. § 6110.2(c),
- 18 Pa. C.S. § 6111(f)(1),
- 18 Pa. C.S. § 6111.1(k),
- 18 Pa. C.S. § 6111.2(d),
- 18 Pa. C.S. § 6111.4,
- 18 Pa. C.S. § 6113(d),
- 18 Pa. C.S. § 6117(a),
- 18 Pa. C.S. § 6120(b), and
- 18 Pa. C.S. § 6128(f) (collectively, "the Applicable Sections").[3]

The definition of firearm contained in the Applicable Sections includes any
weapon which is "designed to or may readily be converted to expel any projectile by the action
of an explosive; or the frame or receiver of any such weapon."[4]  While a fully manufactured

---

[1] *See* Section 204 of the Commonwealth Attorneys Act, 71 P.S. § 732-204(a).
[2] 18 Pa. C.S. § 6101 *et. seq.*
[3] The analysis of this Opinion does not apply to the definition of "firearm" as it appears in 18 Pa. C.S. § 6102.
Furthermore, although PSP did not specifically request advice on interpreting the "firearm" definitions applicable in
18 Pa. C.S. §§ 6111.2(d) and 6117(a), these sections are addressed because the same analysis impacts all sections of
the UFA in which this definition appears.
[4] In the interest of clarity, the Applicable Sections do not all use the same exact language; however, these slight
variations in punctuation and word choice do not affect the analysis.

Case ID: 230802980

Colonel Robert Evanchick
December 16, 2019
Page 2

receiver clearly meets this definition, your question seeks guidance on when a receiver that is not fully manufactured becomes a "firearm" as defined under the Applicable Sections.

After careful review, we conclude a receiver, that is: 1) "designed" to expel or 2) "may readily be converted" to expel a projectile by the action of an explosive, is a firearm as defined in the Applicable Sections. As explained below, under the plain language of the UFA, a partially-manufactured receiver is a firearm as defined in the Applicable Sections if it is either "designed" or "may readily be converted" into a completed receiver with the capability to expel any projectile by the action of an explosive. The UFA does not provide a definition for either of these phrases. In order to aid the PSP, the agency charged with administering and enforcing the UFA,[5] this Opinion provides the legal framework essential to PSP's analysis when taking any enforcement action or providing any interpretive guidance involving the Applicable Sections.

Unquestionably, the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. 1 Pa. C.S. § 1921(a). If possible, a statute must be construed to give effect to all of its provisions. *Id.* Furthermore, when enacting legislation, the General Assembly enjoys a presumption that it does not intend a result that is absurd, impossible of execution, or unreasonable. 1 Pa. C.S. § 1922(1). Words and phrases in a statute shall be construed according to rules of grammar and their common and approved usage. 1 Pa. C.S. § 1903(a). Here, the word "designed" and the phrase "may readily be converted" must be analyzed within this framework.

I.     **A partially-manufactured receiver is a firearm because it is "designed" to expel a projectile by the action of an explosive.**

In *Commonwealth v. Zortman*, 611 Pa. 22 (2011), the Pennsylvania Supreme Court interpreted a largely identical definition of "firearm" previously contained in 42 Pa. C.S. § 9712.1(f) (relating to sentencing enhancements for certain crimes committed with firearms).[6] This section defined "firearm" as "any weapon, including a starter gun, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein." Using the rules of statutory construction, the Court construed the meaning of "designed to . . . expel a projectile by action of an explosive." The Court held the definition of "firearm" was clear and unambiguous in requiring "only that the weapon be capable of firing a bullet ('will'), easily rendered capable of firing a bullet ('may readily be converted') or . . . 'designed' to fire a bullet." 611 Pa. at 33. This definition applied equally to weapons that are "functional, defectively manufactured, or temporarily inoperable for some other reason." *Id.*

---

[5] *See* 18 Pa. C.S. § 6111.1(a).
[6] The Pennsylvania Superior Court in *Commonwealth v. Watley*, 81 A.3d 108 (2013) found 42 Pa. C.S. § 9712.1 unconstitutional for violating a defendant's right to a jury trial because it permitted the trial court, not the jury, to increase the length of a minimum sentence based on the possession of a firearm without requiring proof of that fact as an element of the crime. The basis for that ruling did not involve interpreting the definition of a "firearm"; therefore, Pennsylvania Supreme Court's analysis of the "firearm" definition in *Zortman* remains good law.

Colonel Robert Evanchick
December 16, 2019
Page 3

Of particular importance, the statute at issue in *Zortman* clearly differentiated between firearms that "will" fire a projectile and those merely "designed" to do so. *Id.* In the UFA, the firearm definition at issue in this Opinion mirrors the language from former 42 Pa. C.S. § 9712.1, with one exception; the General Assembly chose to focus upon firearms that are "designed" to expel a projectile, rather than those that "will." Therefore, under the plain language of the UFA a weapon *designed* to fire a projectile is a firearm regardless of whether it *will* actually fire a projectile. Since the UFA definition of "firearm" in the Applicable Sections also considers the frame or receiver of a weapon "designed to . . . expel any projectile by the action of an explosive" a firearm, it follows that these same principles apply. In order to be a "firearm," a receiver need not be capable of firing a projectile; it needs only to be designed to do so.

In *Zortman*, the Court used dictionary definitions to interpret the plain meaning of "designed," concluding that the various definitions meant "that the design itself, or the thing designed, is something planned, intended, purposeful, deliberate, or even 'schemed' towards some specific end or outcome." *Id.* Receivers, even those in a state of partial manufacture, are unequivocally "designed to . . . expel any projectile by the action of an explosive" because they are manufactured with the necessary specifications, intended, and marketed for the purpose of firing a projectile.

## II.    A partially-manufactured receiver that "may readily be converted" to expel any projectile by the action of an explosive is a firearm.

As a matter of first impression, there is no controlling caselaw providing a definition or standard for applying the phrase "may readily be converted."[7] There is, however, caselaw from other jurisdictions interpreting the similar phrase "may readily be restored" as it applies to machine guns—a subset of firearms—in the National Firearms Act.[8] Although not binding here, decisions from other jurisdictions can provide persuasive authority. *Com. v. Nat'l Bank & Tr. Co. of Cent. Pennsylvania*, 469 Pa. 188, 194, 364 A.2d 1331, 1335 (1976).

The "may readily be restored" standard is analogous to the "may readily be converted" standard as they both embody the essential concept of whether a weapon may be readily transformed into a fully operable firearm. The Sixth Circuit provides the most comprehensive summary of the law surrounding "may readily be restored" in *U.S. v. One TRW Model M14, 7.62 Caliber Rifle from William K. Alverson,* 441 F.3d 416 (2006).

---

[7] Similarly, there is no caselaw providing an interpretation of the phrase "may readily be converted" from the Gun Control Act, 18 U.S.C. § 921.

[8] The National Firearms Act defines a machinegun as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). Similar to the Uniform Firearms Act, the National Firearms Act does not define the phrase "can be readily restored."

Case ID: 230802980

Colonel Robert Evanchick
December 16, 2019
Page 4


When enforcing or interpreting the UFA, implicating the definition in the Applicable Sections, it is essential for the PSP to utilize the framework provided by the court in *One TRW Model* by collectively applying the following factors: time, ease, expertise, necessary equipment, availability, expense, and feasibility of converting an object into something "designed to expel any projectile by the action of an explosive."[9]  Courts have examined these factors in the following ways:

- **Time:**  How long it would take to convert the receiver so that it is capable of firing a projectile has been the factor most commonly emphasized by courts. While there is no clear ceiling on the time requirement, courts in various jurisdictions have found a weapon could be readily converted or restored in as little as two minutes and as long as eight hours.[10]

- **Ease:**  This factor measures the level of difficulty in converting a receiver so that it is capable of firing a projectile.

- **Expertise:**  This weighs the knowledge and skill required to convert the weapon so that it is capable of firing a projectile.[11]

- **Equipment:**  This evaluates the tools necessary to convert a receiver to be capable of firing a projectile.  Courts have found this to occur in a variety of circumstances, ranging from the use of basic tools to a properly-equipped machine shop.[12]

---

[9] The court also includes "scope" as a factor relating to the extent that a machine gun had been altered, focusing on the "can be readily restored to shoot" aspect of the machine gun definition.  While this factor is not instructive for our analysis of whether a receiver "may readily be converted," it does not prevent us from using the remaining factors articulated in *One TRW Model*.

[10] *E.g., Com. v. Cofoni*, 349 Pa. Super. 407, 415, 503 A.2d 431, 435 (1986) (a Pennsylvania case determined that a starter pistol that could be converted to fire a projectile in approximately 15 minutes with proper tools or in an hour for an unskilled individual with basic tools and limited knowledge was a firearm under the UFA.); *U.S. v. Alverson*, 666 F.2d 341, 345 (9th Cir. 1982) (defined readily as the ability to manufacture required parts in four to six hours with particular machinery or in two to three hours by hand); *U.S. v. Dodson*, 519 F. App'x 344, 347 (6th Cir. 2013) (90 minutes); *U.S. v. Woodlam*, 527 F.2d 608, 609 (6th Cir. 1976) (considering the element of time only readily meant a modification that was capable of being completed in two minutes); *U.S. v. Smith*, 477 F.2d 399, 400 (8th Cir. 1973) (8 hours in a machine shop); *But See, U.S. v. Seven Miscellaneous Firearms*, 503 F. Supp. 565, 577 (D.D.C. 1980) (Not readily restorable if it would require a master gunsmith working in a gun shop, the equipment and tools costing $65,000, and 13 3/4 hours to make the necessary modifications).

[11] *E.g., United States v. Kelly*, 276 F. App'x 261, 267 (4th Cir. 2007) (rejecting the argument that "the statute must be applied not based upon the knowledge and skills of an expert and what an expert may be able to accomplish, but upon the knowledge and skills of an ordinary person").

[12] *E.g., United States v. Aguilar-Espinosa*, 57 F. Supp. 2d 1359, 1362 (M.D. Fla. 1999) (tools commonly understood by and available to such workers); *Com. v. Cofoni*, 349 Pa. Super. 407, 415, 503 A.2d 431, 435 (1986) (skilled machinist with proper equipment or an unskilled person with basic tools, limited knowledge, and approximately one hour to accomplish the task); *United States v. Smith*, 477 F.2d 399, 400 (8th Cir. 1973).

Colonel Robert Evanchick
December 16, 2019
Page 5

- **Availability:**  This reflects whether the parts necessary to convert a weapon are easily available.  For instance, a disassembled machine gun missing only one necessary part was found to be readily restorable where the necessary part was available on the open market.[13]

- **Expense:**  Any analysis must also consider the relative cost of the parts and equipment necessary to convert a receiver so that it is capable of firing a projectile.[14]

- **Feasibility:**  A weapon is not readily convertible where the attempted conversion would damage or destroy the weapon or cause it to malfunction.[15]

No single factor is dispositive.  The PSP must weigh all the applicable factors together to determine whether a receiver "may readily be converted" to expel any projectile by the action of an explosive.  This analysis is dependent on the factual circumstances in each specific case.  For instance, a receiver is a "firearm" if it can be converted to expel a projectile by individual with reasonable skill (expertise), basic tools (equipment) available to and understood by such an individual, and commonly available parts (availability) in a reasonable amount of time (time).[16]

In contrast, an example where a receiver would not be considered "readily convertible"  comes from the District of D.C, where the court considered these factors in determining whether certain weapons were "readily restorable."  In that case, the weapons were held not to be machine guns because it would have taken a master gunsmith (expertise) over 13 hours (time) working with specialized equipment (equipment), required parts that are not commonly available (availability), cost $65,000 to make the conversion, and the conversion could have damaged or destroyed the firearm as well as caused injury to the shooter upon firing.[17]

### III.    Conclusion.

A receiver does not need to be fully manufactured to be a firearm as defined in the Applicable Sections.  A receiver is a firearm under the Applicable Sections if it is: 1) "designed" to expel or 2) "may readily be converted" to expel a projectile by the action of an explosive.  Given the UFA does not provide statutory definitions of these terms, PSP shall utilize the legal

---

[13] *United States v. Cook,* 1993 WL 243823 (6th Cir. 1993); *United States v. Catanzaro*, 368 F. Supp. 450, 452 (D. Conn. 1973) (replacement parts available from Smith & Wesson plant).
[14] *E.g., United States v. Catanzaro*, 368 F. Supp. 450, 452 (D. Conn. 1973) (readily restored when it only requires a $15.00 part); *But see, United States v. Seven Misc. Firearms,* 503 F.Supp. 565 (D.D.C. 1980) (may not be readily restored when it required $65,000 worth of specialized equipment and tools).
[15] *E.g., United States v. Seven Misc. Firearms,* 503 F.Supp. 565 (D.D.C. 1980).
[16] A court ruled a machine gun was readily restorable under these circumstances in *United States v. Aguilar-Espinosa,* 57 F. Supp. 2d 1359, 1362 (M.D. Fla. 1999)
[17] A court ruled a machine gun was not readily restorable under these conditions in *United States v. Seven Misc. Firearms,* 503 F.Supp. 565 (D.D.C. 1980).

Case ID: 230802980

Colonel Robert Evanchick
December 16, 2019
Page 6

framework set forth in this Opinion when enforcing or issuing interpretive guidance regarding the Applicable Sections of the UFA.[18]   Along with direct enforcement of the UFA, PSP has the ability to issue interpretive rules through internal documents, manuals, or policy statements; while not controlling, these interpretations would be entitled to deference.  *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S. Ct. 161, 164, 89 L. Ed. 124 (1944). Additionally, PSP can further interpret the definitions through formal rulemaking.  18 Pa. C.S. § 6111.5.  Any regulation properly promulgated by PSP is entitled to deference, unless clearly erroneous. *Harkness v. UCBR*, 591 Pa. 543, 920 A.2d 162.

You are further advised that in accordance with Section 204(a)(1) of the Commonwealth Attorneys Act, 71 P.S. § 732-204(a)(1), PSP shall follow the advice contained in this Opinion and will not in any way be liable for doing so.

All the best,

JOSH SHAPIRO

cc:   Gregory G. Schwab, General Counsel
      Nolan B. Meeks, Acting Chief Counsel
      Keli M. Neary, Executive Deputy Attorney General

---

[18] Nothing in this opinion shall restrict or supersede PSP's discretion in choosing when to enforce or issue interpretive guidance involving the UFA.

## _V E R I F I C A T I O N_

I, Roseann Morrison, Individually and as Co-Administratrix of the Estate of Sahmya Heaven Garcia, Deceased, in the foregoing matter, hereby verify that the statements made in the foregoing Plaintiffs' Civil Action Complaint are true and correct to the best of my knowledge, information, and belief.  The language used is that of counsel.  I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. §4904 (relating to unsworn falsification to authorities).

_Roseann Morrison_
Roseann Morrison (Apr 8, 2024 12:08 EDT)
**_ROSEANN MORRISON, INDIVIDUALLY AND AS CO-ADMINISTRATRIX OF THE ESTATE OF SAHMYA HEAVEN GARCIA, DECEASED_**

Date: _____

## _V E R I F I C A T I O N_

I, Hector Garcia, Individually and as Co-Administrator of the Estate of Sahmya Heaven Garcia, Deceased in the foregoing matter, hereby verify that the statements made in the foregoing Plaintiffs' Civil Action Complaint are true and correct to the best of my knowledge, information, and belief.  The language used is that of counsel.  I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. §4904 (relating to unsworn falsification to authorities).

_____
Hector Garcia (Apr 9, 2024 15:46 EDT)

**_HECTOR GARCIA INDIVIDUALLY
AND AS CO-ADMINISTRATOR OF THE
ESTATE OF SAHMYA HEAVEN GARCIA,
DECEASED_**

Date: _____



**VRLC**
VICTIMS' RECOVERY
LAW CENTER

September 5, 2023

POLYMER80, INC.
*ATTENTION:  LEGAL/RISK MANAGEMENT*
134 Lakes Boulevard
Dayton, NV 89403

    *RE:*    **Hector Garcia and Roseann Morrison, Individually and as
             Co-Administrators of the Estate of Sahmya Garcia, Deceased** *v.*
             **Polymer80, Inc.,  Marcus Burney**
             *Philadelphia CCP Docket No. 230703100*

Dear Sir/Madam:

    Please be advised that our office has been retained to represent Plaintiffs', Hector
Garcia and Roseann Morrison, Individually and as Co-Administrators of the Estate of
Sahmya Garcia, Deceased, for an incident that occurred on November 8, 2022, in
Philadelphia, Pennsylvania.  On August 29, 2023, the enclosed Writ of Summons was filed
in the Philadelphia Court of Common Pleas naming Polymer80, Inc., as a Defendant.

    To that end, enclosed you will find three Notices of Intent to Serve Subpoenas and
Twenty (20) Day Waiver directed to The Philadelphia Police Department, The Philadelphia
Office of the District Attorney, and Edward C. Meehan Jr. Esquire, the criminal defense
attorney for Marcus Burney.  After your review, kindly advise whether or not you will agree
to waive the twenty (20) day waiting period to serve the subpoena.

    *You should forward the enclosed paperwork to your lawyer at once so that we may deal
with him/her directly.  If you do not have a lawyer or cannot afford one, go to the Philadelphia
Bar Association Lawyer Referral and Information Service, One Reading Center, Philadelphia, PA
19107; (215) 238-6333.*

                             Very Truly Yours,

                             */s/ David P. Thiruselvam*

                             **DAVID P. THIRUSELVAM**

/ck
Encs.
**<u>*VIA PRIORITY MAIL –Signature Required*</u>**
9410803699300163032117

121 South Broad Street
Eighteenth Floor
Philadelphia, PA 19107

215-546-1433
victimrecoverylaw.com

18 Campus Blvd.
Suite 100
Newtown Square, PA 19073

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2023**

E-Filing Number: 2308060407

**02980**

| | |
|---|---|
| PLAINTIFF'S NAME<br>HECTOR GARCIA | DEFENDANT'S NAME<br>POLYMER80, INC. |
| PLAINTIFF'S ADDRESS<br>1719 KOSSUTH STREET<br>CAMDEN NJ 08104 | DEFENDANT'S ADDRESS<br>134 LAKES BOULEVARD<br>DAYTON NV 89403 |
| PLAINTIFF'S NAME<br>ROSEANN MORRISON | DEFENDANT'S NAME<br>MARCUS BURNEY |
| PLAINTIFF'S ADDRESS<br>206 W. BUCK STREET<br>PAULSBORO NJ 08066 | DEFENDANT'S ADDRESS<br>7901 STATE ROAD<br>PHILADELPHIA PA 19136 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS<br>2 | TOTAL NUMBER OF DEFENDANTS<br>2 | COMMENCEMENT OF ACTION<br>☐ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☒ Writ of Summons  ☐ Transfer From Other Jurisdictions |
|---|---|---|

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE
20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>AUG **29** 2023<br><br>C. SMITH | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>HECTOR GARCIA , ROSEANN MORRISON</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>DAVID P. THIRUSELVAM | ADDRESS<br>THE VICTIMS' RECOVERY<br>LAW CENTER<br>121 S BROAD ST,18TH FL<br>PHILADELPHIA PA 19107 |
|---|---|
| PHONE NUMBER<br>(215)546-1433 | FAX NUMBER<br>(215)644-8754 | |
| SUPREME COURT IDENTIFICATION NO.<br>61815 | E-MAIL ADDRESS<br>david@victimrecoverylaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*DAVID THIRUSELVAM* | DATE SUBMITTED<br>Tuesday, August 29, 2023, 09:07 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**VICTIMS RECOVERY LAW CENTER**
BY:     David P. Thiruselvam, Esquire
            Keith Thomas West, Esquire
Identification Nos.: 61815/317426
121 South Broad Street
Eighteenth Floor
Philadelphia, PA  19107
(215) 546-1433 - Telephone
(215) 644-8754 - Facsimile
david@victimrecoverylaw.com
keith@victimrecoverylaw.com

Filed and Attested by the
Office of Judicial Records
29 AUG 2023 09:07 am
C. SMITH

Attorneys for Plaintiffs

| | | |
|---|---|---|
| HECTOR GARCIA and ROSEANN MORRISON | : | COURT OF COMMON PLEAS |
| Individually and as Co-Administrators of the | : | PHILADELPHIA COUNTY, PA |
| Estate of SAHMYA GARCIA, Deceased | : | MAJOR JURY TRIAL DEMANDED |
| 1719 Kossuth Street | : | AUGUST TERM, 2023 |
| Camden, NJ 08104 | : | NO. |
| and | : | |
| 206 W. Buck Street | : | |
| Paulsboro, NJ 08606 | : | |
| v. | : | |
| POLYMER80, INC. | : | |
| 134 Lakes Blvd. | : | |
| Dayton, NV 89403 | : | |
| and | : | |
| MARCUS BURNEY (PP No.: 816759) | : | |
| Curran-Fromhold Correctional Facility | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136 | : | |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

**TO THE PROTHONOTARY:**

Kindly issue a Writ of Summons against the defendants in the above matter.

**VICTIMS RECOVERY LAW CENTER**

*David P. Thiruselvam*

Date: 08/29/2023

**DAVID P. THIRUSELVAM, ESQUIRE**
**Attorney for Plaintiffs**

Case ID: 230802980

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

HECTOR GARCIA and ROSEANN MORRISON
Individually and as Co-Administrators of the
Estate of SAHMYA GARCIA, Deceased

*Plaintiff*

vs.

POLYMER80, INC.
and
MARCUS BURNEY PP# 816759

*Defendant*

:
:
:
:
:
:
:
:
:
:

Filed and Attested by the
Office of Judicial Records
29 AUG 2023 09:07 am
C. SMITH

AUGUST    Term, 20 23

No._____

To[1]

POLYMER80, INC.
and
MARCUS BURNEY PP# 816759

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

HECTOR GARCIA and ROSEANN MORRISON

Individually and as Co-Administrators of the

Estate of SAHMYA GARCIA, Deceased

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date: _____

10-208 (Rev. 6/14

---

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 230802980

# Court of Common Pleas

AUGUST     Term, 20 23

No.

HECTOR GARCIA and ROSEANN MORRISON
Individually and as Co-Administrators of the
Estate of SAHMYA GARCIA, Deceased

*Plaintiff*

vs.

POLYMER80, INC.,
and MARCUS BURNEY PP# 816759

*Defendant*

# SUMMONS

Case ID: 230802980

*VICTIMS' RECOVERY LAW CENTER*
BY:    David P. Thiruselvam, Esquire
        Keith Thomas West, Esquire
Identification No. 61815/317426
121 South Broad Street, 18th Floor
Philadelphia, Pennsylvania 19107
(215) 546-1433 – Telephone
(215) 644-8754 – Facsimile
david@victimrecoverylaw.com                    *Attorneys for Plaintiffs*
keith@victimrecoverylaw.com

---

| | | |
|---|---|---|
| HECTOR GARCIA and ROSEANN MORRISON | : | COURT OF COMMON PLEAS |
| Individually and as Co-Administrators of the | : | PHILADELPHIA COUNTY, PA |
| Estate of SAHMYA GARCIA, Deceased | : | MAJOR JURY TRIAL DEMANDED |
| | : | AUGUST TERM, 2023 |
| v. | : | NO.  230802980 |
| | : | |
| POLYMER80, INC., et al. | : | |

---

### NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21

Plaintiff's, Hector Garcia and Roseann Morrison, both Individually and as Co-Administrator's of the Estate of Sahmya Garcia, Deceased, intend to serve a subpoena for records and things directed to Edward C. Meehan Jr., Esquire, identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file or record and serve upon the undersigned an objection to the subpoena. If no objection is made, the subpoena may be served.

                                        **VICTIMS' RECOVERY LAW CENTER**

                                        */s/ Keith Thomas West*
Date: September 5, 2023

                                        ***KEITH THOMAS WEST***
                                        *Attorney for Plaintiff*

**VICTIMS' RECOVERY LAW CENTER**
BY:   David P. Thiruselvam, Esquire
      Keith Thomas West, Esquire
Identification No. 61815/317426
121 South Broad Street, 18th Floor
Philadelphia, Pennsylvania 19107
(215) 546-1433 - Telephone
(215) 644-8754 - Facsimile
david@victimrecoverylaw.com                    *Attorneys for Plaintiffs*
keith@victimrecoverylaw.com

---

| | | |
|---|---|---|
| HECTOR GARCIA and ROSEANN MORRISON | : | COURT OF COMMON PLEAS |
| Individually and as Co-Administrators of the | : | PHILADELPHIA COUNTY, PA |
| Estate of SAHMYA GARCIA, Deceased | : | MAJOR JURY TRIAL DEMANDED |
| | : | AUGUST TERM, 2023 |
| v. | : | NO.  230802980 |
| | : | |
| POLYMER80, INC., et al. | : | |

---

### TWENTY (20) DAY WAIVER AND REQUEST FOR RECORDS

I, _____, Esquire, attorney for Defendant

_____ HAVE REVIEWED THE ATTACHED NOTICE OF INTENT

REGARDING THIS INSTANT MATTER.

[MARK BLANK SPACES WITH X-MARKS AS APPROPRIATE BELOW]

I HEREBY DO _____ DO NOT _____ WAIVE THE 20-DAY NOTICE PERIOD.

I HEREBY DO _____ DO NOT _____ REQUIRE COPIES OF THE MATERIALS
RECEIVED.

_____
PRINTED NAME OF PARTY/PARTY'S COUNSEL IF REPRESENTED

_____
SIGNATURE OF PARTY/PARTY'S COUNSEL IF REPRESENTED

Date: _____



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

GARCIA ETAL VS POLYMER80, INC. ETAL

_____ August _____ Term, _23_

No.____ 02980

**Subpoena to Produce Documents or Things**
**for Discovery Pursuant to Rule 4009.22**

TO:  Edward C. Meehan Jr., Esquire
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Attached Addendum.

**at:** 121 S. Broad Street 18th Floor  Philadelphia PA 19107
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: August 29, 2023

Subp.#236821561-1

Name:  Thiruselvam, David P

Address:
The Victims' Recovery
Law Center
121 S Broad St,18th Fl

Telephone:      215 546-1433

Supreme Court ID#: 61815

Attorney for:      Plaintiffs

You may contact the Office of Judicial Records to verify that this subpoena was issued by the Philadelphia County Court of Common Pleas.
Phone: (215) 686-6652  or Email: OJRCivil@courts.phila.gov

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**



**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

GARCIA ETAL VS POLYMER80, INC. ETAL    :    Court of Common Pleas

: 

:    _____ August _____ Term, _23_

:

:    No. ____ 02980 _____


TO: _Edward C. Meehan Jr., Esquire_____
                   *(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
                                  *(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                             *(Date of Subpoena)*


Date: _____            _____
                                                *(Signature of Person Served with Subpoena)*

**VICTIMS' RECOVERY LAW CENTER**
BY:     David P. Thiruselvam, Esquire
        Keith Thomas West, Esquire
Identification Nos.: 61815/ 317426
121 South Broad Street, 18th Floor
Philadelphia, Pennsylvania 19107
215-546-1433 - Telephone
215-644-8754 - Fax
david@victimrecoverylaw.com
keith@victimrecoverylaw.com                    Attorneys for the Plaintiff

---

| | | |
|---|---|---|
| HECTOR GARCIA and ROSEANN MORRISON | : | COURT OF COMMON PLEAS |
| Individually and as Co-Administrators of the | : | PHILADELPHIA COUNTY, PA |
| Estate of SAHMYA GARCIA, Deceased | : | MAJOR JURY TRIAL DEMANDED |
| | : | AUGUST TERM, 2023 |
| v. | : | NO. 230802980 |
| | : | |
| POLYMER80, INC., et al. | : | |

---

### ADDENDUM TO SUBPOENA ISSUED TO EDWARD C. MEEHAN JR., ESQUIRE

All non-privileged materials in your possession pertaining to Commonwealth v. Marcus Burney, MC-51-CR-0019749-2022, CP-51-CR-0000811-2023, including any Brady materials or evidence produced by you to the Commonwealth.

**VICTIMS' RECOVERY LAW CENTER**
BY:    David P. Thiruselvam, Esquire
         Keith Thomas West, Esquire
Identification No. 61815/317426
121 South Broad Street, 18th Floor
Philadelphia, Pennsylvania 19107
(215) 546-1433 – Telephone
(215) 644-8754 – Facsimile
david@victimrecoverylaw.com
keith@victimrecoverylaw.com                    *Attorneys for Plaintiffs*

---

| | | |
|---|---|---|
| HECTOR GARCIA and ROSEANN MORRISON | : | COURT OF COMMON PLEAS |
| Individually and as Co-Administrators of the | : | PHILADELPHIA COUNTY, PA |
| Estate of SAHMYA GARCIA, Deceased | : | MAJOR JURY TRIAL DEMANDED |
| | : | AUGUST TERM, 2023 |
| v. | : | NO.  230802980 |
| | : | |
| POLYMER80, INC., et al. | : | |

---

**NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21**

       Plaintiff's, Hector Garcia and Roseann Morrison, Co-Administrator's of the Estate of Sahmya Garcia, Deceased, intend to serve a subpoena for records and things directed to the Philadelphia Police Department, identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file or record and serve upon the undersigned an objection to the subpoena. If no objection is made, the subpoena may be served.

                                    **VICTIMS' RECOVERY LAW CENTER**

                                     */s/ Keith Thomas West*

Date: September 5, 2023

                                     **KEITH THOMAS WEST**
                                     *Attorney for Plaintiff*

**VICTIMS' RECOVERY LAW CENTER**
BY:    David P. Thiruselvam, Esquire
         Keith Thomas West, Esquire
Identification No. 61815/317426
121 South Broad Street, 18th Floor
Philadelphia, Pennsylvania 19107
(215) 546-1433 – Telephone
(215) 644-8754 – Facsimile
david@victimrecoverylaw.com
keith@victimrecoverylaw.com                          *Attorneys for Plaintiffs*

---

| | | |
|---|---|---|
| HECTOR GARCIA and ROSEANN MORRISON | : | COURT OF COMMON PLEAS |
| Individually and as Co-Administrators of the | : | PHILADELPHIA COUNTY, PA |
| Estate of SAHMYA GARCIA, Deceased | : | MAJOR JURY TRIAL DEMANDED |
| | : | AUGUST TERM, 2023 |
| v. | : | NO.  230802980 |
| | : | |
| POLYMER80, INC., et al. | : | |

---

### <u>*TWENTY (20) DAY WAIVER AND REQUEST FOR RECORDS*</u>


        I, _____, Esquire, attorney for Defendant

_____ HAVE REVIEWED THE ATTACHED NOTICE OF INTENT

REGARDING THIS INSTANT MATTER.

        [MARK BLANK SPACES WITH X-MARKS AS APPROPRIATE BELOW]


        I HEREBY DO _____  DO NOT _____ WAIVE THE 20-DAY NOTICE PERIOD.

        I HEREBY DO _____  DO NOT _____  REQUIRE COPIES OF THE MATERIALS
RECEIVED.


        _____
        PRINTED NAME OF PARTY/PARTY'S COUNSEL IF REPRESENTED

        _____
        SIGNATURE OF PARTY/PARTY'S COUNSEL IF REPRESENTED

Date: _____



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

GARCIA ETAL VS POLYMER80, INC. ETAL

_____ August ___ Term, _23_

No. ___ 02980 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _Philadelphia Police Department_____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Attached Addendum.

at: _121 S. Broad Street 18th Floor   Philadelphia PA 19107_____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: August 29, 2023

Name: Thiruselvam, David P

Address:
The Victims' Recovery
Law Center
121 S Broad St,18th Fl

Telephone:     215 546-1433

Supreme Court ID#: 61815

Attorney for:     Plaintiffs

Subp.#236821561-2

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-6652 or Email: OJRCivil@courts.phila.gov



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

GARCIA ETAL VS POLYMER80, INC. ETAL    :    Court of Common Pleas
                                             :
                                             :    _____ August ___ Term, _23__
                                             :
                                             :    No. ____ 02980 _____

TO: _Philadelphia Police Department_____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,
or the Certificate of Compliance,
to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                               *(Date of Subpoena)*

Date: _____                   _____
                                               *(Signature of Person Served with Subpoena)*

**VICTIMS' RECOVERY LAW CENTER**
BY:     David P. Thiruselvam, Esquire
        Keith Thomas West, Esquire
Identification Nos.: 61815/ 317426
121 South Broad Street, 18th Floor
Philadelphia, Pennsylvania 19107
215-546-1433 – Telephone
215-644-8754 – Fax
david@victimrecoverylaw.com
keith@victimrecoverylaw.com                    Attorneys for the Plaintiff

---

HECTOR GARCIA and ROSEANN MORRISON     :     COURT OF COMMON PLEAS
Individually and as Co-Administrators of the     :     PHILADELPHIA COUNTY, PA
Estate of SAHMYA GARCIA, Deceased     :     MAJOR JURY TRIAL DEMANDED
                                       :     AUGUST TERM, 2023
            v.                         :     NO. 230802980
                                       :
POLYMER80, INC., et al.                :

---

### ADDENDUM TO SUBPOENA ISSUED TO CITY OF PHILADELPHIA POLICE DEPARTMENT

Entire file concerning police investigation file regarding DC# 22-03-046443 including, but not limited to, incident report(s), addendums/supplements, witness statement(s), video surveillance, correspondence, memorandums, photographs, etc. regarding an assault that occurred on November 8, 2022, wherein victim Sahmya Garcia was fatally injured by gunshots.

**VICTIMS' RECOVERY LAW CENTER**
BY:    David P. Thiruselvam, Esquire
         Keith Thomas West, Esquire
Identification No. 61815/317426
121 South Broad Street, 18th Floor
Philadelphia, Pennsylvania 19107
(215) 546-1433 - Telephone
(215) 644-8754 - Facsimile
david@victimrecoverylaw.com
keith@victimrecoverylaw.com                    *Attorneys for Plaintiffs*

---

| | | |
|---|---|---|
| HECTOR GARCIA and ROSEANN MORRISON | : | COURT OF COMMON PLEAS |
| Individually and as Co-Administrators of the | : | PHILADELPHIA COUNTY, PA |
| Estate of SAHMYA GARCIA, Deceased | : | MAJOR JURY TRIAL DEMANDED |
| | : | AUGUST TERM, 2023 |
|                       v. | : | NO. |
| | : | |
| POLYMER80, INC., et al. | : | |

---

**NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.21**

      Plaintiff's, Hector Garcia and Roseann Morrison, Co-Administrator's of the Estate of Sahmya Garcia, Deceased, intend to serve a subpoena for records and things directed to the Philadelphia Office of the District Attorney, identical to the one that is attached to this notice. You have twenty (20) days from the date listed below in which to file or record and serve upon the undersigned an objection to the subpoena. If no objection is made, the subpoena may be served.

**VICTIMS' RECOVERY LAW CENTER**

*/s/ Keith Thomas West*

**KEITH THOMAS WEST**
*Attorney for Plaintiff*

Date: September 5, 2023

*VICTIMS' RECOVERY LAW CENTER*
BY:    David P. Thiruselvam, Esquire
          Keith Thomas West, Esquire
Identification No. 61815/317426
121 South Broad Street, 18th Floor
Philadelphia, Pennsylvania 19107
(215) 546-1433 - Telephone
(215) 644-8754 - Facsimile
david@victimrecoverylaw.com                          *Attorneys for Plaintiffs*
keith@victimrecoverylaw.com

---

| | | |
|---|---|---|
| HECTOR GARCIA and ROSEANN MORRISON | : | COURT OF COMMON PLEAS |
| Individually and as Co-Administrators of the | : | PHILADELPHIA COUNTY, PA |
| Estate of SAHMYA GARCIA, Deceased | : | MAJOR JURY TRIAL DEMANDED |
| | : | AUGUST TERM, 2023 |
| v. | : | NO. |
| | : | |
| POLYMER80, INC., et al. | : | |

---

### *TWENTY (20) DAY WAIVER AND REQUEST FOR RECORDS*

        I, _____, Esquire, attorney for Defendant

_____ HAVE REVIEWED THE ATTACHED NOTICE OF INTENT

REGARDING THIS INSTANT MATTER.

        [MARK BLANK SPACES WITH X-MARKS AS APPROPRIATE BELOW]

        I HEREBY DO _____ DO NOT _____ WAIVE THE 20-DAY NOTICE PERIOD.

        I HEREBY DO _____ DO NOT _____ REQUIRE COPIES OF THE MATERIALS
RECEIVED.

        _____
        PRINTED NAME OF PARTY/PARTY'S COUNSEL IF REPRESENTED

        _____
        SIGNATURE OF PARTY/PARTY'S COUNSEL IF REPRESENTED

Date: _____



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

GARCIA ETAL VS POLYMER80, INC. ETAL

<u>August</u>   Term,  <u>23</u>

No. <u>  02980  </u>

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO:  <u>Philadelphia Office of the District Attorney</u>
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

See Attached Addendum.

at: <u>121 S. Broad Street 18th Floor  Philadelphia PA 19107</u>
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: August 29, 2023

Name:  Thiruselvam, David P
Address:
The Victims' Recovery
Law Center
121 S Broad St,18th Fl

Telephone:    215 546-1433

Supreme Court ID#: 61815

Attorney for:    Plaintiffs

Subp.#236821561-1

**BY THE COURT:**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-6652  or Email: OJRCivil@courts.phila.gov



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

GARCIA ETAL VS POLYMER80, INC. ETAL     :     Court of Common Pleas
                                            :
                                            :     _____ August ___ Term, 23
                                            :
                                            :     No. ____ 02980 _____

TO: _Philadelphia Office of the District Attorney_____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena. Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

## Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                      *(Date of Subpoena)*

Date: _____                  _____
                                                *(Signature of Person Served with Subpoena)*

**VICTIMS' RECOVERY LAW CENTER**
BY:     David P. Thiruselvam, Esquire
        Keith Thomas West, Esquire
Identification Nos.: 61815/ 317426
121 South Broad Street, 18th Floor
Philadelphia, Pennsylvania 19107
215-546-1433 – Telephone
215-644-8754 – Fax
david@victimrecoverylaw.com
keith@victimrecoverylaw.com                    Attorneys for the Plaintiff

| | | |
|---|---|---|
| HECTOR GARCIA and ROSEANN MORRISON | : | COURT OF COMMON PLEAS |
| Individually and as Co-Administrators of the | : | PHILADELPHIA COUNTY, PA |
| Estate of SAHMYA GARCIA, Deceased | : | MAJOR JURY TRIAL DEMANDED |
| | : | AUGUST TERM, 2023 |
| v. | : | NO. 230802980 |
| | : | |
| POLYMER80, INC., et al. | : | |

**ADDENDUM TO SUBPOENA DIRECTED TO CITY OF PHILADELPHIA OFFICE OF DISTRICT ATTORNEY**

Entire file concerning the police investigation and prosecutorial proceedings regarding the Commonwealth of Pennsylvania . v. Marcus Burney, DC# 22-03-046443 including, but not limited to, incident report(s), addendums/supplements, witness statement(s), video surveillance, correspondence, memorandums, photographs, etc. regarding an assault that occurred on November 8, 2022, wherein victim Sahmya Garcia was fatally injured by gunshots.