# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR GARCIA, and ROSEANN MORRSION Individually and as Co-Administrators of the Estate of SAHMYA GARCIA, Deceased | : : : : | Civil Action No. 2:24-cv-01949 |
| v. | : : : | |
| POLYMER 80 INC. *and* MARCUS BURNEY | : : : : | |

**ORDER**

AND NOW, on this _____ day of _____, 2024, and upon consideration of Plaintiffs' Motion for Sanctions Arising from the Second Remand of this Matter to State Court, and any response thereto, it is hereby **ORDERED** that Plaintiffs' Motion is **<u>GRANTED</u>**, and that:

    1.    The Court will retain jurisdiction over this action solely for determining the amount and to order payment of Plaintiffs' just costs, expenses and fees incurred as a result of the removal of this action; and

    2.    Plaintiffs shall be given twenty (20) days from the date of entry of this Order to submit appropriate and sufficiently detailed documentation regarding the costs, expenses, and fees that they have incurred in resisting removal.

**BY THE COURT:**

_____
**J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HECTOR GARCIA, and ROSEANN MORRSION Individually and as Co-Administrators of the Estate of SAHMYA GARCIA, Deceased | : : : : : | Civil Action No. 2:24-cv-01949 |
| v. | : : | |
| POLYMER 80 INC. *and* MARCUS BURNEY | : : : | |

**PLAINTIFFS' MOTION FOR SANCTIONS ARISING FROM THE SECOND REMAND OF THIS MATTER TO STATE COURT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, Hector Garcia and Roseann Morrison, Individually and as Co-Administrators of the Estate of Sahmya Heaven Garcia, Deceased (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby respectfully submit the present Motion for Sanctions Arising from the Second Remand of this Matter to State Court, and Incorporated Memorandum of Law, avers as follows:

1. Regarding the factual background of this Motion, Plaintiffs incorporate by reference their Motion to Remand to State Court. See *Doc. No.* 5.

2. For the reasons stated in the Motion to Remand, Plaintiffs believe that this matter should now be remanded back to state court *for the second time*, and that Defendant, Polymer80 Inc. ("Defendant Polymer80"), lacked an objectively reasonable basis for seeking removal *both times* that it has done so.

1

3. Motions to remand are governed by 28 USCS § 1447(c), which reads in pertinent part as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal [. . .]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal*.

28 USCS § 1447(c) (emphasis added).

4. The United States Supreme Court and the United States Court of Appeals for the Third Circuit have held that costs, expenses and fees should be paid by the removing party "where the removing party lacked an objectively reasonable basis for seeking removal:"

> When a case is remanded to state court, the removing defendant may be liable for expenses associated with the unsuccessful removal: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." [28 USCS § 1447(c)]. In Martin v. Franklin Capital Corp., the Supreme Court announced the proper standard for awarding fees under § 1447(c): "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. 132 (2005). The Court adopted that standard instead of a narrower one under which fees could be awarded only if the removing party's position was "frivolous, unreasonable, or without foundation." Id. at 138. In holding that the test should "turn on reasonableness," the Court "recognize[d] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140-41.

2

League of Women Voters of Pa. v. Pennsylvania, 921 F.3d 378, 383 (3d Cir. 2019) (cleaned up).

5. Even when Defendant Polymer80 removed this case to federal court the *first* time on October 12, 2023, Defendant Polymer80 "lacked an objectively reasonable basis for seeking removal."

6. Indeed, the Honorable Matthew W. Brann held in King v. Alpha Sigma Tau Nat'l Found. Inc. (M.D. Pa., Dec. 1, 2020), that an award of costs, expenses and fees was appropriate because the removing party had removed the case when though the plaintiff had only filed a writ of summons, whereas it was clearly established in the case law that removal was premature until a complaint is filed.

7. Here, Defendant Polymer80 removed this case to federal court the first time *not only* when Plaintiffs had only filed a writ of summons, but also when it was clear that their co-defendant, Defendant, Marcus Burney ("Defendant Burney"), was a resident of the forum state who had been served a month-a-half prior to the filing of the notice to remand, hence removal was baseless.

8. But, in the *second* instance, Defendant Polymer80's removal of this case to federal court was utterly frivolous.

9. Defendant Polymer80 has provided absolutely no evidence to support its completely baseless and false allegation that Defendant Burney was not served, and had it used reasonable diligence Defendant Polymer80 easily could have confirmed that Defendant Burney in fact was incarcerated at Curran-Fromhold Correctional Facility on the date stated on the Affidavit of Service filed by Plaintiffs.

10. Therefore, Plaintiffs respectfully submit that an award of costs, expenses and fees is appropriate under § 1447(c).  Compare Vera v. Middlesex Water Co., 2023 U.S. Dist. LEXIS 47333, at *14-15 (E.D. Pa., Mar. 21, 2023) (awarding costs, expenses and fees pursuant to § 1447(c) because the argument put forward in favor of removal by the removing party was "wholly unsupported" in the case law).

**WHEREFORE**, Plaintiffs respectfully request for the Court to grant Plaintiffs' Motion for Sanctions, in the form of the attached proposed Order.

**Respectfully submitted,**

**VICTIMS' RECOVERY LAW CENTER**

**/s/ Keith West**
**KEITH WEST, ESQUIRE**
*Attorney for the Plaintiffs*
**The North American Building**
**121 South Broad Street, 18th Floor**
**Philadelphia, Pennsylvania 19107**
**215-546-1433 – Telephone**
**keith@victimrecoverylaw.com**

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR GARCIA, and ROSEANN MORRSION Individually and as Co-Administrators of the Estate of SAHMYA GARCIA, Deceased : : : : v. : : POLYMER 80 INC. : *and* : MARCUS BURNEY : | Civil Action No. 2:24-cv-01949 |

## CERTIFICATE OF SERVICE

I, Keith West, Esquire, on this date, by electronic filing and/or first-class mail, caused a true and correct copy of Plaintiff's Motion for Sanctions to be served on the following:

**Via Electronic Filing:**
Shawn M. Rodgers, Esq.
David R. Osborne, Esq.
Goldstein Law Partners, LLC
*Attorneys for Defendant, Polymer 80 Inc.*

**Via First Class Mail:**
Defendant, Marcus Burney, Inmate # QP8724
c/o SCI FOREST
P.O. Box 307
286 Woodland Drive
Marienville, PA  16239

**Respectfully submitted,**

**VICTIMS' RECOVERY LAW CENTER**

<u>/s/ Keith West_____</u>
**KEITH WEST, ESQUIRE**
*Attorney for the Plaintiffs*

5