IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HECTOR GARCIA** *et al.*, <br><br> *Plaintiffs,* <br><br> *v.* <br><br> **POLYMER80, INC.,** <br><br> *Defendant.* | Civil Action <br><br> No. 24-cv-1949 |

### ORDER

**AND NOW**, this 12th day of August, 2024, upon consideration of Plaintiffs' motion to remand, and the responses and replies thereto, I find as follows:

1. Defendant Polymer80, Inc. ("Polymer80") seeks to remove this case to federal court a second time, following remand of its first attempt. Because nothing has changed that would justify a different outcome, I will again remand the case to state court. I will also require Polymer80 to pay Plaintiffs' reasonable costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c).

### I.   FACTUAL AND PROCEDURAL BACKGROUND

2. Plaintiffs are coexecutors of the estate of Sahmya Garcia. Plaintiffs' decedent was murdered by Defendant Marcus Burney, who allegedly used a gun manufactured by Defendant Polymer80.

3. Plaintiffs sued Burney and Polymer80 in the Philadelphia County Court of Common Pleas by way of a praecipe for a writ of summons, a state procedure that allows a plaintiff to commence a lawsuit without a formal complaint. The summons was served on Burney at the Curran-Fromhold Correctional Facility (CFCF). (ECF No. 5-2.)

1

4. Polymer80 filed a notice of removal in this Court on the basis of diversity of citizenship. Plaintiffs moved to remand based on the "forum defendant rule," which prohibits removal of diversity cases "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, Burney is a citizen of Pennsylvania, the forum state. Polymer80 responded that Burney should not count as a forum defendant because he was "fraudulently joined," allegedly because he was insolvent and thus Plaintiffs would not pursue a judgment against him.

5. I granted Plaintiffs' motion to remand, finding that "[i]t would be pure speculation to assume that Plaintiffs have no real intention to pursue a claim against Burney merely because he is incarcerated" and "Polymer80 cites no authority that a defendant may be considered fraudulently joined merely due to inability to pay a judgment." (ECF No. 10 in 23-cv-3935, ¶ 6.)

6. Polymer80 then filed a second notice of removal. Initially, Polymer80 asserted it had discovered that Burney was not at CFCF at the time of service and thus not properly served. Plaintiffs responded with a record from the First Judicial District showing otherwise, and Polymer80 now concedes that Burney was at CFCF at the relevant time.

7. Polymer80 now contends that removal is proper either because the affidavit of service on Burney was deficient or, as last time, that Burney was fraudulently joined. Regarding the affidavit, Polymer80 posits it lacked information showing that the individual who received the summons ("Lt. L. Hill") was in charge of the facility. As to fraudulent joinder, Polymer80 repeats its argument that Burney is judgment-proof, adding only that, since remand, Plaintiffs have focused discovery on Polymer80. Polymer80 also asks for a hearing to develop facts related to fraudulent joinder.

II.        **DISCUSSION**

        A.        **Forum Defendant Rule**

        8.        Nothing has changed to alter my prior ruling that Burney is a citizen of Pennsylvania who was properly joined and served, thus precluding removal under 28 U.S.C. § 1441(b)(2).

                1.        Service

        9.        The affidavit of service on Burney unambiguously states that the summons was handed to an adult person "in charge" of Burney's "residence." A similar affidavit was found sufficient in Cintas Corp. v. Lee's Cleaning Servs., Inc., 700 A.2d 915, 918 (1997). Even if the affidavit were lacking, service may be proper even if "proof of service may be defective or even lacking." Id. Polymer80 offers no evidence that Burney was not actually served and only challenges the sufficiency of the affidavit. I conclude that Burney was properly served.

                2.        Fraudulent Joinder

        10.        As I previously decided, Burney was convicted of murdering Plaintiffs' decedent and is therefore a proper defendant. See Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). The only new fact Polymer80 offers is that Plaintiffs have focused their discovery efforts on Polymer80. That is unsurprising given that Burney's murder conviction establishes his liability, making discovery unnecessary. See Hurtt v. Stirone, 206 A.2d 624, 626 (Pa. 1965).

        11.        Polymer80 also asks for a hearing to explore Plaintiffs' motives for suing Burney, based on supposition that Burney might be unable to pay a judgment. I decline to hold a hearing. "[T]here are appropriate reasons to pursue claims against a judgment-proof defendant." Jocz v. Eichleay Engineers, Inc., No. 08-cv-4063, 2008 WL 5157503, at *5 (E.D. Pa. Dec. 9, 2008). "[T]he motive of the plaintiff, taken by itself, does not affect the right to remove. If there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right." Chicago, R.I. & P. Ry. Co. v. Schwyhart, 227 U.S. 184, 193 (1913). The doctrine of fraudulent

joinder exists to stop plaintiffs from manipulating federal jurisdiction by naming "improper[]" defendants against whom there is no "colorable" claim. Boyer, 913 F.2d at 111. It does not forbid naming proper defendants merely because the plaintiff might benefit from a defendant who resides in the forum state. See id. I conclude that Burney was not fraudulently joined.

      **B.**      **Fee-Shifting**

12.    "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Fee-shifting is not a sanction and may be granted for conduct that would not violate, for example, Rule 11. Shrader v. Legg Mason Wood Walker, Inc., 880 F. Supp. 366, 368 (E.D. Pa. 1995). But "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 136 (2005).

13.    I conclude that Polymer80's second removal lacked an objectively reasonable basis. It was premised on an allegation that Burney had left CFCF before he was served, and a review of records from the First Judicial District would have shown that this was not the case. Polymer80's other arguments are either identical to ones rejected in my prior Order, or are arguments that could have been raised previously but were not. Even assuming Polymer80 is correct that my prior Order was nonfinal and thus amenable to being reconsidered, reconsideration is "not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant," to "get a second bite at the apple," "or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question." Qazizadeh v. Pinnacle Health Sys., 214 F. Supp. 3d 292, 295-96 (M.D. Pa. 2016) (quotation marks omitted). In particular, in remanding the case last time, I noted that "Polymer80 cites no authority that a defendant may be considered fraudulently joined merely due to inability to pay

a judgment," and Polymer80 still cites no such case.[1] (ECF No. 10 in 23-cv-3935, ¶ 6.) And Polymer80's argument that the affidavit of service on Burney was deficient is not supported by the affidavit or Pennsylvania law.

14. I will therefore award costs, including attorneys' fees, under § 1447(c).

**WHEREFORE**, it is hereby **ORDERED** that:

15. Plaintiffs' motion to remand (ECF No. 12) is **GRANTED**.

16. This case is **REMANDED** to the Court of Common Pleas of Philadelphia County.

17. Within 14 days of the date of this Order, Plaintiffs shall submit a bill of costs associated with Polymer80's second removal, along with a declaration and supporting documentation. Polymer80 shall, within 14 days thereafter, raise any objections it may have and pay any costs that are not objected to.

**BY THE COURT:**

/s/ *Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

[1] As I stated previously in my November 13, 2023 Order, the case on which Polymer80 does rely, Doe No. 4 v. Soc'y for Creative Anachronism, Inc., No. 07-cv-1439, 2007 WL 2155553 (E.D. Pa. July 25, 2007), applied the lower discretionary standard applicable to amendments under 28 U.S.C. § 1447(e) rather than the higher standard for fraudulent joinder. See id. at *4 n.5.