UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR GARCIA; and ROSEANN MORRISON, individually and as co-administrators of the Estate of Sahmya Garcia, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>POLYMER80, INC.; and MARCUS BURNEY PP# 816759,<br><br>Defendants. | Civil Action No. 2:24-cv-01949<br><br>State Case No.: 230802980<br>(Aug. Term 2023) |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

The law firm of Goldstein Law Partners, LLC, and undersigned counsel ("the Firm"), hereby submits this Memorandum of Law in support of its Motion for Leave to Withdraw as counsel for Defendant, Polymer80, Inc. ("Polymer80"). Based upon the guidelines set forth under the Pennsylvania Rules of Professional Conduct, the Firm can no longer continue its representation of Polymer80.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Defendant, Polymer80, Inc., removed the instant matter to the Eastern District of Pennsylvania on May 8, 2024, a lawsuit originally filed in the Court of Common Pleas for Philadelphia County. ECF No. 1 (Notice of Removal, 5/8/2024). Polymer80 opposed the Motion to Remand and for Sanctions submitted by Plaintiffs, Hector Garcia and Roseann Morrison ("Plaintiffs"), on July 10, 2024. ECF No. 12 (Plaintiffs' Mot. to

1

Remand, 7/10/2024). Therein, Plaintiffs request remand to state court and an award of attorneys' fees and costs against Polymer80 under 28 U.S.C.A. § 1447(c), which Plaintiff incorrectly characterizes as a sanction.

On April 10, 2024, Plaintiffs filed their Complaint and, for the first time, finally articulated their allegations against Polymer80. In its opposition to the Motion for Remand, Polymer80 argued, under precedent in the Third Circuit, the action is ripe for removal. *See Sikirica v. Nationwide Insurance Co.*, 416 F.3d 214, 223 (3d Cir. 2005) (holding that a complaint, not a writ of summons, constitutes the "initial pleading" for purposes of 28 U.S.C. § 1446(b)).

Plaintiffs contended that Polymer80's decision to file the instant Notice of Removal was unreasonable in light of this Court's decision to remand the prior removal attempt in November 2023, when only a Writ of Summons had been filed. Polymer80 countered that this position oversimplifies the procedural posture of the pending matter, and disregards the uncertainty about whether the original Notice of Removal had been premature. Polymer80 also argued this Court's prior remand order was not a final appealable order, and – if Polymer80's original removal attempt was premature under *Sikirica* – it was entirely appropriate for Polymer80 to pursue the current Notice of Removal once Plaintiffs filed the "initial pleading" as defined under 28 U.S.C. § 1446.

Because the original Notice of Removal was likely premature under *Sikirica*, Polymer80 argued in its opposition, this Court had the ability to reconsider any determinations it made previously on the issue of fraudulent joinder. Polymer80 also raised a substantial question relating to the legal sufficiency of Plaintiffs' Affidavit of

2

Service for Defendant Burney. According to Polymer80, on its face, the Affidavit contained defects that under Pennsylvania law would render service incomplete. If Defendant Burney had not served properly under Pennsylvania law, Polymer80 contended he was not attached properly as a defendant and the forum-defendant rule was inapplicable.

This Court considered the arguments of both parties and, on August 12, 2024, granted Plaintiffs' Motion to Remand. ECF No. 15 (Order, 8/12/2024). In remanding the matter to state court, this Court also ordered Polymer80 to pay reasonable fees and costs under 28 U.S.C.A. § 1447(c). This Court noted that such fees and costs are not a sanction. This Court also directed Plaintiffs to submit bill of costs associated with the second removal within 14 days, which Plaintiffs have done. Polymer80 may raise objections to the costs within 14 days, which is September 9, 2024.

On August 30, 2024, Goldstein Law Partners, LLC (the "Firm") now moves for leave to withdraw as counsel for Polymer80. Despite numerous efforts over the past month to communicate with their client, the Firm has received no response of any type. Under the Rules of Professional Conduct, and for good cause shown, the failure of Polymer80 to communicate with its attorneys necessitates the Firm's request to withdraw from representation.

## II.  LEGAL STANDARD

"It is within the Court's discretion to permit Plaintiffs' counsel to withdraw pursuant to Local Rule 5.1[b], which requires leave of court whenever an attorney seeks to do so without another attorney entering an appearance in its place." *Ludwig v.*

3

*Speedway LLC*, No. CV 20-0824, 2021 WL 2223833, at *2 (E.D. Pa. 2021). Specifically, Local Rule 5.1(b) specifies the following:

> [a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney admitted to practice in this court shall at the same time enter an appearance for the same party, or another attorney admitted to practice in this court had previously entered an appearance for the same party and continues to represent that party in the matter.

L.R. 5.1(b). In addition, the provisions of Pennsylvania Rule of Professional Conduct 1.16(b) guide district courts in this Circuit. *Ludwig*, 2021 WL 2223833, at *2 n.3 (indicating that the Eastern District of Pennsylvania adopted the Pennsylvania Rules of Professional Conduct). Rule 1.16(b) explains that a lawyer may withdraw from representing a client under the following circumstances:

> (5) the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

Pa. R.P.C 1.16(b). Furthermore, "in determining whether to permit counsel to withdraw, district courts in the Third Circuit often weigh the following factors: '(1) the reason for which withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action.'" *Ludwig*, 2021 WL 2223833, at *2 (quoting *Velez v. Walczak*, 2020 WL 4001047, at *1 (E.D. Pa. 2020) (*citing Taylor v. Stewart*, 20 F.Supp.2d 882, 883 (E.D. Pa. 1998))).

4

### III. ARGUMENT

**A. The Firm Cannot Continue Representing Polymer80 because Polymer80 has Failed to Respond to Any Communications from Counsel, including Warnings that a Lack of Response will Necessitate a Request to Withdraw from Representation.**

Polymer80 retained the Firm to represent it in several lawsuits initiated in the Commonwealth of Pennsylvania on or about July 2023. During the course of its representation of Polymer80, the Firm regularly communicated with its client and kept it fully informed about the status of all matters and of all new developments. In the last several weeks, Polymer80 has become unresponsive to all communication attempts by the Firm.

The Firm – specifically, the managing partner, Jonathan S. Goldstein, Esq. – has sent numerous email messages and made frequent telephone calls to Polymer80, but has received no response to his efforts. Typically, Mr. Goldstein regularly communicated with Loran Kelley and Daniel McCalmon, two executive-level personnel at Polymer80. In the last several weeks, however, Mr. Goldstein has received no response to his repeated communication attempts from either Mr. Kelley or Mr. McCalmon. He has left voicemails for both Mr. Kelley and Mr. McCalmon, as well as transmitting numerous emails specifying the importance of responding to the communication.

The Rules of Professional Conduct require that attorneys "shall explain [ ] matters[s] to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Pa. R.P.C. 1.4(b). Unfortunately, since Polymer80's has failed to respond to any communications from the Firm for nearly a

month, it is impossible for the Firm both to continue representing Polymer80 and to comply with the mandates of the Rules of Professional Conduct. "Reasonable communication between the lawyer and the client is necessary for the client effectively to participate in the representation." Pa. R.P.C. 1.4, cmt. 1. Currently, because of Polymer80's complete failure to respond, the Firm is unable to communicate with Polymer80. Because of this lack of communication, Polymer80 has refused to participate in its representation for nearly a month.

Moreover, given the lack of communication, the Firm is concerned about the continued viability of Polymer80 as a business and, thus, Polymer80's capability of honoring the terms set forth in the engagement. *See* Pa. R.P.C. 1.16, cmt. 8. This includes, but is not limited to, payment for the Firm's continued representation. To this end, because of Polymer80's failure "to fulfill an obligation to the [Firm] regarding the [Firm]'s services[,]" Mr. Goldstein has sent several communications to Polymer80 "giv[ing] reasonable warning that the [Firm] will withdraw unless the obligation[s] [are] fulfilled." Pa. R.P.C. 1.16(b)(5); *see Wenneker Distilleries v. Olifant USA, Inc.*, 2013 WL 1337338, at *1 (M.D. Pa. 2013) (ruling that the "good cause" requirement in Rule 1.16(b)(6) is satisfied where the litigant " '**effectively abandoned its counsel's representation' by repeatedly failing to respond to counsel's communications, including warnings that counsel would withdraw**") (emphasis added);*Ludwig*, 2021 WL 2223833, at *2 (same). Despite these warnings and the numerous efforts by the Firm to communicate with the client, Polymer80 has refused to respond. Polymer80's failure to communicate, and thus participate in the continued defense of the claims against it,

has rendered the representation "unreasonably difficult by [Polymer80.]"  Pa. R.P.C. 1.16(b)(6).

In addition, the withdrawal may be accomplished without material adverse consequence to the interests of Polymer80.  This Court has granted Plaintiffs' motion to remand; thus, aside from Plaintiffs' fee petition, no further substantive motions or discovery remain pending.  Should this Court require further information concerning the basis for the Firm's Motion for Leave to Withdraw, so as not to divulge information in breach of an attorney-client privilege, the Firm requests an *in camera* discussion.

## CONCLUSION

Accordingly, (i) the Firm has been unable to communicate with Polymer80 for the last several weeks despite its best efforts; (ii) Polymer80 has been unresponsive to phone calls, email messages and all forms of communication; and (iii) Polymer80 has, thus, failed to abide by the terms and obligations governing the Firm's representation.  Consequently, for all the foregoing reasons and pursuant to Rules 1.4(b) and 1.16(b)(5), (6) and (7) of the Pennsylvania Rules of Professional Conduct, the Firm respectfully requests that this Court enter the proposed order and grant the Firm leave to withdraw as Polymer80's counsel.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | GOLDSTEIN LAW PARTNERS, LLC |
| Dated: August 30, 2024 | */s/ Shawn M. Rodgers* <br> Jonathan Goldstein (Atty. No. 201627) <br> Shawn Rodgers (Atty. No. 307598) <br> David R. Osborne (Atty. No. 318024) <br> 200 School Alley, Suite 5 <br> Green Lane, PA 18054 <br> Telephone: 610-949-0444 <br> Facsimile: 215-257-1910 <br> Email: jgoldstein@goldsteinlp.com <br> Email: srodgers@goldsteinlp.com <br> Email: dosborne@goldsteinlp.com |
|  | *Attorneys for Defendant Polymer80, Inc.* |

**CERTIFICATE OF SERVICE**

  I, the undersigned, certify that on August 30, 2024, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will send electronic notification of the filing to all counsel of record in this matter, who are ECF participants, and that constitutes service thereon.

                GOLDSTEIN LAW PARTNERS, LLC

        By: */s/Shawn M. Rodgers*
            Shawn M. Rodgers

            *Attorneys for Defendant Polymer80, Inc.*